# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HOMER HENDRIX, III,**

    **Plaintiff,**

                              Civil Action 2:19-cv-1348
                              Judge George C. Smith
    v.                      Magistrate Judge Chelsey M. Vascura

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Homer Hendrix, III, an Ohio resident and former Ohio inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Rehabilitation and Correction ("ODRC") and twenty-four ODRC employees, alleging that Defendants' actions violated his constitutional rights.

This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismiss Plaintiff's state-law claims **WITHOUT PREJUDICE** to filing in state court.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, on November 14, 2014, while incarcerated at Pickaway

3

Correctional Institution ("PCI"), Plaintiff was using PCI's law library computers to draft briefs and supporting documentation in support of a motion for delayed appeal.  When he left the computer to inquire about the spelling of an individual's name, his computer time elapsed, which Plaintiff alleges was the fault of PCI's assistant librarian, Defendant Oshobe.  Plaintiff alleges that over the next several of weeks, Defendant Oshobe and others took actions that interfered with his ability to access the law library and its computers.  Plaintiff further alleges that he was not permitted to provide a copy of his legal documentation to another inmate.  He alleges that his legal file had been deleted by the PCI librarian, that the deleted file contained years of legal research, and that its deletion prevented him from filing a motion for a delayed appeal.  Plaintiff alleges that although he complained about these actions and filed grievances, his complaints were not properly investigated and appropriate steps were not taken to retrieve the deleted legal files from the computer's hard drive.

Plaintiff further alleges that when he sought treatment with a mental health counselor due to the stress caused by the confiscation and deletion of his legal documents, the mental health counselor responded by having him taken to administrative segregation.  He alleges that he was charged and found guilty of misuse of library equipment and threatening library and mental health staff, resulting in his security level being raised.  Plaintiff also alleges that during his transfer, some of his personal property was missing and that his pursuit of the grievance process to recover his property was not successful.  Plaintiff adds that in April 2015, his unit manager wrongfully refused to notarize his affidavit.  As exhibits to his Complaint, Plaintiff attaches several cash withdrawal slips dated between 2014 and 2016 and also what appears to be correspondence from 2016 between his mother and prison officials relating library access and the

alleged deletion of Plaintiff's legal documents from the prison library computers.

Plaintiff asserts that Defendants' actions violated his constitutional rights and seeks to advance a number of claims under 42 U.S.C. § 1983. He also seeks to advance a number of state-law tort claims.

Plaintiff filed this action on April 10, 2019, requesting leave to proceed *in forma pauperis*. (ECF No. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and held the screening of his Complaint under § 1915 in abeyance to permit him an opportunity to file an Amended Complaint, explaining as follows:

> The Court must conduct a screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to determine whether any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a defendant who is immune from such relief. The Court's review of Plaintiff's Complaint reveals that it is incomplete in that it appears that Plaintiff left several spaces blank in which he intended to write in dates, but neglected to fill those dates in prior to filing the Complaint. The Court will hold the screening of Plaintiff's complaint under § 1915(e)(2) in abeyance to provide Plaintiff an opportunity to file an Amended Complaint with those dates filled in. Plaintiff must file any such Amended Complaint **WITHIN THIRTY DAYS**.

(Apr. 22, 2019 Order, ECF No. 3.) Plaintiff did not file an Amended Complaint.

### III.

**A.     Plaintiff's § 1983 Claims**

It is **RECOMMENDED** that the Court dismiss Plaintiff's § 1983 claims as time-barred. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v.*

5

*Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Plaintiff filed the instant action on April 10, 2019. Thus, claims accruing prior to April 10, 2017, would generally be time-barred. Although in providing a list of the Defendants in his Complaint Plaintiff generally alleges that "the constitutional violations occurred" "between the times of 2016-2018," the body of his Complaint and also the attachments to his Complaint reflect that all of the events about which Plaintiff complains occurred between 2014 and 2016. (*See* Compl. & Exhibits, ECF Nos. 1-2 and 1-3.) Moreover, the Court afforded Plaintiff the opportunity to fill in some of the dates that he left blank in his Complaint, but he failed to do so. (*See* Apr. 22, 2019 Order, ECF No. 3.) Because Plaintiff's § 1983 claims are premised upon events that occurred between 2014 and 2016 and Plaintiff most certainly knew or had reason to know of the injuries that are the bases of his § 1983 claims prior to April 10, 2017, his § 1983 claims must be dismissed as time-barred.

**B.      Plaintiff's State-Law Claims**

As set forth above, Plaintiff also seeks to advance a number of state-law tort claims. It is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any such state-law claims and that the Court **DISMISS** any such claim without prejudice to Plaintiff asserting such a claim in state court. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (internal quotations marks and citation omitted).

# IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1915(e) and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** to filing in state court. In addition, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE